900 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert A. SEARLE, for himself as Personal Representative of
the Estate of Virginia Dale Searle, Deceased, and as Next
Friend of his Minor Children, William B. Searle and Jessica
W. Searle; Leland E. Modesitt, Jr., as Next Friend of his
Minor Children, Catherine G. Modesitt and Nancy M. Modesitt;
Leland E. Modesitt, III; Susan C. Modesitt, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 88-2975.
 United States Court of Appeals, Fourth Circuit.
 Argued July 25, 1989.
Decided March 9, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Court Judge. (CA-87-2398-JFM).
 Rick Lloyd Richmond (John R. Bolton, Assistant Attorney General; Robert S. Greenspan, Civil Division, United States Department of Justice; Breckinridge L. Willcox, United States Attorney, on brief) for appellant.
 Eric L. Lewis (James P. Davenport, Lori E. Fox, Nussbaum, Owen & Webster, on brief), for appellees.
 D.Md.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
 Before DONALD RUSSELL, WIDENER, and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This wrongful death and survival action against the United States was brought pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 2671, et seq. The plaintiffs/appellees are the estate, husband and six minor children of the deceased, Virginia Dale Eschenburg Searle. Prior to trial, the Government stipulated that its physicians at Bethesda Naval Hospital were negligent in the 1985 diagnosis and treatment of the deceased and that such negligence proximately caused her death. The cause was then tried before the court on the sole issue of damages. The district judge made an award of pecuniary damages, funeral expenses and solatium damages under Maryland law[1] in the following amount:
 
 
 2
 The United States does not appeal the pecuniary award but does appeal the remainder of the damage award on the grounds that (1) the award of solatium damages totaling $1.24 million is excessive under the law of Maryland; (2) the district court incorrectly failed to deduct state income taxes from the decedent's anticipated lifetime earnings; and (3) it was error to award to the surviving spouse damages for lost income based on his voluntary decision to pursue a new career. For the reasons set forth below, we reverse the judgment on the first and third grounds and remand the cause to the district court for reconsideration of the damage award.
 
 I.
 
 3
 At the time of her death, detail of which is unnecessary for the resolution of the claims here set forth, the decedent was a 42-year-old practicing attorney and, through the course of two marriages, the mother of six children. Unrefuted testimony established that she was committed to both her legal career as well as her family and that she was uniquely able to balance her time and energies between the two. Her husband Robert Searle was also an attorney, employed by the Marriott Corporation. Shortly after the death of his wife, however, he chose to move to Maine to pursue his teaching credentials. Mr. Searle pictures such a move as mandated by his children's need for time with him, time he believed he could ill afford while working with the Marriott Corporation. Within two years, Mr. Searle remarried and returned to the Washington, D.C., area where he had lived with the decedent, resuming his work with the Marriott Corporation.
 
 II.
 
 4
 We address first the issue of non-economic damages. In Maryland, loss of solatium is a statutory recovery of "damages for mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, parental care, filial care, attention, advice, counsel, training, guidance, or education where applicable." Md.Cts. & Jud.Proc.Code Ann. Sec. 3-904(d) (1984 Repl.Vol.). Recovery is limited to a spouse of the deceased and those children unemancipated at the time of death. Alden v. Maryanov, 406 F.Supp. 547 (D.Md.1976). Here it is conceded that each of the seven claimants qualifies for recovery under the terms of the statute.
 
 
 5
 Our scope of review of this award is carefully circumscribed. In FTCA cases tried without a jury, factual determinations, including damages, are governed by the clearly erroneous standard of review. Fed.R.Civ.P. 52(a); Waffen v. United States Dept. of Health & Human Services, 799 F.2d 911, 929 (4th Cir.1986). We may only reverse that portion of the district court judgment that we believe, with firm conviction, has been issued in contravention of the applicable law. See United States v. United States Gypsum Co., 333 U.S. 364 (1948).
 
 
 6
 We note that today, under Maryland law, an award of solatium damages may not exceed $350,000. Md.Code Cts. & Jud.Proc. Sec. 11-108 (1984 Repl.Vol.Supp.). This cause arose before the imposition of the recovery cap and is, therefore, not controlled by the cap. But we are of the opinion that the court, trying a case after the effective date of the statute, should give considerable deference to the reasonableness established by the legislature for solatium awards and should not exceed that cap without some expression of reasons for such difference. Accordingly, we feel that to follow the legislative guideline would ensure equity and uniformity in the award of non-economic damages in Maryland between cases arising before the effective date of the statutory ban and those arising after the statute became effective, especially when the cases are all tried after the effective date of the cap. In order to do so, however, we must resolve one critical issue regarding the proper application of the statute. While the constitutionality of the cap has been squarely affirmed by the Court of Special Appeals of Maryland, see Potomac Electric Power Co. v. Smith, 558 A.2d 768 (Md.App.1989), the question of whether such cap applies to an aggregate award or to each plaintiff separately has yet to be addressed by the Maryland courts. Id. at 785. We conclude that the $350,000 limit in the act applies in the aggregate in a wrongful death action such as this and is normally to be followed.
 
 
 7
 In Maryland, the wrongful death statute requires all beneficiaries to bring their claims in a single action. See Md.Cts. & Jud.Proc.Code Ann. Sec. 3-904. Further, Section 11-108 is specifically worded to limit non-economic damages "in any action." As the Smith court noted, 558 A.2d 768, 785, n. 17, foreign jurisdictions have construed like provisions, limiting non-economic damages, to apply in the aggregate, not individually. See, e.g., Yates v. Pollock, 194 Cal.App.3d 195, 239 Cal.Rptr. 383 (2 Dist.1987) ($250,000 non-economic damages limitation applies to all wrongful death plaintiffs in the aggregate); Hallett v. Wrentham, 398 Mass. 550, 499 N.E.2d 1189, 1193 (1986) ($100,000 limitation on recovery of damages from a governmental entity "applies to the total recovery by the executor or administrator in the wrongful death action, and not separately to each beneficiary's damages").[2]
 
 
 8
 Paying proper respect to what we find to be the plain meaning of the statute, we hold that an award of solatium damages in Maryland is limited to $350,000 in the aggregate. Any contrary ruling would expand, without support, the limit on recovery in an action arising out of a single wrongful death claim. It was error for the district court to award $200,000 for lost household services. The solatium statute specifically anticipates recovery for such loss. Any additional award is tantamount to a double recovery and is clearly objectionable. Accordingly, the award of $200,000 for lost household services is vacated.
 
 
 9
 The determination of what is appropriate when setting an award for non-economic loss is particularly difficult. No single standard can measure the sorrow of another, nor can one gauge with certainty what the value of human life might be. In Maryland, however, the legislature has defined what it believes to be the outer limit of reasonableness for such an award. Here the district court's award for solatium far exceeds that limit, and we remand for recalculation consistent with this opinion.
 
 III.
 
 10
 The next issue is that of deduction of state taxes. The Government here argues that in awarding damages for the decedent's anticipated lifetime earnings, the district court should have deducted an appropriate amount in consideration of state income taxes. Deduction for federal income taxes was made.
 
 
 11
 As a matter of Maryland law, state tax rates may not be taken into consideration when calculating an award for loss of future earnings under the Federal Tort Claims Act. Burke v. United States, 605 F.Supp. 981 (D.Md.1985). The rationale is quite simple:
 
 
 12
 Any adjustment for state taxes would be punitive in nature only to the plaintiff. It would allow a windfall for the United States Government and "would nullify the congressional intent to give the injured party the benefit of tax free income."
 
 
 13
 Id. at 991, quoting Lumber Terminals, Inc. v. Nowakowski, 36 Md.App. 82, 97 n. 9, 373 A.2d 282 (1977). Such a rule is based on sound legal principle and is well established as the law of Maryland. We accordingly affirm the failure to take into account state income taxes in the solatium award.
 
 IV.
 
 14
 Finally, the Government takes exception to the district court's award of $100,000 to Mr. Searle for lost earnings. Neither the district court nor the appellants have cited, nor has our research uncovered, any authority upon which to base such an award. At oral argument, counsel for the appellees conceded that during his first year in Maine, Mr. Searle did not in fact work at all, but rather was a college student seeking his teaching certificate. While we understand Mr. Searle's desire to extend the time which he spends with his children, we do not believe he is entitled to be compensated for such a decision. This result would be in direct conflict with the well-established rule that a plaintiff has a duty to take all reasonable actions to minimize compensable damages. Cf. Isthmian S.S. Co. v. Jarka Corp., 100 F.Supp. 856, 960 (D.Md.1951). We accordingly vacate the judgment of $100,000 for Mr. Searle's lost earnings.
 
 CONCLUSION
 
 15
 For the reasons set forth above, the judgment below is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS
 
 
 17
 WIDENER, Circuit Judge, concurring and dissenting:
 
 
 18
 I concur in all of the opinion except Part II.
 
 
 19
 As to Part II of the opinion, I respectfully dissent. I would neither give effect to nor construe the Maryland statute found in Maryland Code, Courts and Judicial Procedure, Sec. 11-108 (1984 Repl.Vol.Supp.), since that section was not in effect according to its terms at the time the cause of action arose and, as such, is not applicable in this case.
 
 
 
 [1]
 Under the applicable choice of law provisions of the FTCA, the district court properly applied the law of Maryland. See United States v. Muniz, 374 U.S. 150, 153 (1963); 28 U.S.C. Sec. 1346(b) and Sec. 2624
 Mrs. Searle's lost earnings ... $ 600,000
Mrs. Searle's lost household
 services .................... $ 200,000
Mr. Searle's lost earnings .... $ 100,000
Solatium-- .................... Leland E. Modesitt III son $ 50,000
 (age at date of death--18)
Solatium-- .................... Susan C. Modesitt--daughter $ 75,000
 (age at date of death--17)
Solatium-- .................... Catherine G. $ 125,000
 Modesitt--daughter
 (age at date of death--15)
Solatium--Nancy M.
 Modesitt--daughter .......... $ 150,000
 (age at date of death--14)
Solatium--William B.
 Searle--son ................. $ 300,000
 (age at date of death--5)
Solatium--Jessica W.
 Searle--daughter ............ $ 300,000
 (age at date of death--4)
Solatium-- .................... Robert A. Searle (surviving $ 250,000
 spouse)--
Mrs. Searle's pain and
 suffering ................... $ 35,000
Mrs. Searle's funeral expenses $ 1,053
TOTAL DAMAGES ................. $ 2,186,053
 
 
 [2]
 It is interesting that the Maryland court, while omitting to rule on the point, cited only two cases (those just discussed), both of which required an aggregate award